NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 28 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL HAMILTON, ex rel United States of America, | No. 21-16732 |
| Plaintiff-Appellant, | D.C. Nos. 3:12-cv-08193-GMS 3:15-cv-08095-GMS |
| v. | |
| YAVAPAI COMMUNITY COLLEGE DISTRICT; et al., | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| UNITED STATES OF AMERICA, | |
| Real-party-in-interest. | |

| | |
|---|---|
| DANIEL HAMILTON, ex rel United States of America, | No. 22-15414 |
| Plaintiff-Appellee, | D.C. Nos. 3:12-cv-08193-GMS 3:15-cv-08095-GMS |
| v. | |
| YAVAPAI COMMUNITY COLLEGE DISTRICT; et al., | |
| Defendants, | |

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

NORTH-AIRE AVIATION LLC, an Arizona limited liability company; et al.,

Defendants,

UNITED STATES OF AMERICA,

Real-party-in-interest,

 and

JOHN MORGAN; APRIL MORGAN,

Defendants-Appellants.

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, Chief District Judge, Presiding

Argued and Submitted December 5, 2022
Phoenix, Arizona

Before: WARDLAW and BUMATAY, Circuit Judges, and SCHREIER,[**] District Judge.

Daniel Hamilton sued Yavapai Community College District, Guidance Academy, LLC, John and April Morgan, and others (collectively, the "Defendants"), for allegedly violating the False Claims Act ("FCA"), § 31 U.S.C. § 3729 *et seq.* On appeal, Hamilton challenges three rulings: (1) the district court's denial of his motion

---

[**] The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota, sitting by designation.

for judgment as a matter of law ("JMOL") concerning FCA violations in Summer 2013 and 2014; (2) the district court's refusal to provide a certain jury instruction on materiality; and (3) the district court's dismissal of FCA claims alleging violations between Spring 2010 and Summer 2011. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and vacate and remand in part.

1. Hamilton appeals the district court's denial of JMOL. We review such motions de novo. *EEOC v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009). We conclude that, based on the evidence offered at trial, a jury could have reasonably found that compliance with the 85/15 Rule, under which funds are available to college programs with 85 percent or fewer veteran enrollment, was not material to the Department of Veteran Affairs' ("VA") continued payment of claims for the summer semesters in 2013 and 2014. *See Universal Health Servs., Inc. v. United States ex rel. Escobar*, 579 U.S. 176, 195 (2016) ("[I]f the Government pays a particular claim in full despite its actual knowledge that certain requirements were violated, that is very strong evidence that those requirements are not material."). For example, the jury heard evidence that the VA audited both summer semesters. The audits found that the Defendants were not compliant with the 85/15 Rule, yet neither audit indicated that the Defendants were not entitled to reimbursements for the classes. The jury also heard evidence of the VA's knowledge of the Defendants' *prior* noncompliance with the 85/15 Rule through Hamilton's whistleblowing.

3

Based on this evidence, a reasonable jury could infer that compliance with the 85/15 Rule was not material to the Government's continued payments for the two summer semesters. We thus agree with the district court that a reasonable jury could find in favor of the defense and JMOL was properly denied.

2. Hamilton also challenges the district court's refusal to provide a jury instruction that the government's "actual knowledge" of a FCA violation must mean the "decision-maker's, the paying agent's knowledge," for purposes of materiality. In general, a "party is entitled to an instruction about his [] theory of the case if supported by law." *Gantt v. City of Los Angeles*, 717 F.3d 702, 706 (9th Cir. 2013) (internal quotation marks omitted). But, we have never held that FCA defendants must establish the knowledge of a specific government "paying agent" or "decision-maker" to establish the lack of materiality for a FCA claim. When addressing materiality under the FCA, the Supreme Court refers broadly to the knowledge of "the Government." *See, e.g., Escobar*, 579 U.S. at 194. And when we have discussed the government's knowledge of a violation for purposes of materiality, we have considered the knowledge of the "government" or the "Department" generally. *See, e.g., Winter ex rel. United States v. Gardens Reg'l Hosp. & Med. Ctr., Inc.*, 953 F.3d 1108, 1122 (9th Cir. 2020); *United States ex rel. Rose v. Stephens Inst.*, 909 F.3d 1012, 1020–21 (9th Cir. 2018). And although in *United States ex rel. Hagood v. Sonoma Cty. Water Agency*, 929 F.2d 1416, 1421 (9th Cir. 1991), we referred to

4

the knowledge of the "relevant government official," that was in the context of the defendants' knowledge element—not materiality. Thus, the district court did not err in declining to give this instruction.

3. Hamilton finally appeals the district court's dismissal of his FCA claims related to the Spring 2010 through Summer 2011 semesters because Hamilton failed to adequately allege "knowledge" under the FCA. At oral argument, responses to the panel's questions indicated that Hamilton's complaint could be amended to show Defendants acted in reckless disregard of their obligations to comply with the VA's 85/15 Rule during this time period. Reckless disregard or deliberate indifference of the truth is sufficient to plead knowledge under the FCA. *See Hooper v. Lockheed Martin Corp.*, 688 F.3d 1037, 1050 (9th Cir. 2012). When a complaint can be cured, leave to amend should be freely given. *See AE ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012). We remand this case to the district court with instructions to grant Hamilton leave to amend.

**AFFIRMED** in part and **VACATED and REMANDED** in part.